IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL DEMPSEY,

    Petitioner,

v.	CASE NO. 5:04-cv-117-SPM-AK

JAMES V. CROSBY,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

By prior Report and Recommendation, the Court recommended that the petition for writ of habeas corpus, Doc. 1, be denied for failure to exhaust. Doc. 13. Petitioner objected, and on February 22, 2005, the district judge rejected the R&R and remanded to the undersigned for further proceedings. Doc. 15. The Court then directed Respondent to file a second response to Petitioner's habeas petition, Doc. 17, which Respondent filed on August 22, 2005. Doc. 22. Petitioner then filed his reply and motions for evidentiary hearing, for discovery or expansion of the record, and for appointment of counsel. Docs. 23-26. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that habeas relief be denied.

## BACKGROUND

Petitioner was convicted by a jury of burglary of a dwelling and grand theft and sentenced to 127 months imprisonment. Doc. 12, Ex. A at 49-55. Petitioner filed a direct appeal

of his conviction on the sole ground that it was fundamental error for the prosecutor to ask Petitioner on cross-examination if the other witnesses were lying. Doc. 12, Ex. D. On September 18, 2000, the court affirmed, Doc. 12, Ex. F, with the mandate issuing on October 4, 2000. Doc. 12, Ex. G.

On December 8, 2000, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. Doc. 12, Ex. H at 1-23. In his motion, Petitioner alleged numerous instances of ineffective assistance of counsel. *Id*. The court allowed an amendment to allege an additional instance of alleged ineffectiveness. *Id*. at 79. Subsequently, the court denied three of Petitioner's claims, set a hearing on the remaining claims, and appointed counsel to represent Petitioner. *Id*. at 159-61 & 177. The hearing was held, Doc. 12, Ex. L, and on October 15, 2002, the court, citing *Strickland v. Washington*, denied the remaining claims. Doc. 12, Ex. K at 414-17.

Petitioner appealed the court's ruling, raising only the issue of whether the court erred in summarily denying three of the claims without evidentiary hearing. Doc. 12, Ex. M. The court affirmed per curiam on February 18, 2004, with the mandate issuing on March 5, 2004. Doc. 12, Ex. N & O. The instant petition followed on May 3, 2004. Doc. 1. In his petition, Petitioner raises only the issue of whether counsel was ineffective for failing to withdraw based on a conflict of interest. *Id*. This was one of the issues raised by Petitioner in the Rule 3.850 motion which the court had summarily denied without evidentiary hearing. Doc. 12, Ex. H at 2.

Respondent concedes that the petition is timely but continues to press the exhaustion issue, arguing that the ineffective assistance of counsel claim "was not presented [in state court]

in the same fashion as presented in the federal petition." Doc. 22 at 5. In short, Respondent argues that the claim presented here was not "fairly presented" to the state court and thus has not been exhausted and is procedurally barred from consideration. Nevertheless, Respondent addresses the merits of the claims in "an abundance of caution and in the interest of finality...." *Id*. at 11.

## **DISCUSSION**

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief only if the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d), "a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "A state-court decision will certainly be contrary to...clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams*, 529 U.S. at 405. A state-court decision will also be contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the

Court's] precedent." *Id*. at 406.

Under the "unreasonable application" clause of § 2254(d), "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [Supreme Court] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The federal court considering a habeas petition "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 412.

Further, in reviewing the decision of the state court, this Court must presume that the state court's factual determinations are correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The fact that the state court did not write "an opinion that explains the state court's rationale," does not detract from the deference owed to that court's decision. *Wright v. Secretary for the Department of Corrections*, 278 F.3d 1245,1255 (11th Cir. 2002).

In successive representation cases, such as this, the law remains that espoused in *Freund v. Butterworth*, 165 F.3d 839 (11th Cir. 1999): Petitioner need not prove the usual *Strickland* prejudice prong, as prejudice is presumed under *Cuyler v. Sullivan*, 446 U.S. 335 (1980), but he is entitled to relief only if he first proves that his attorney had an actual conflict of interest that adversely affected his lawyer's performance. *Freund*, 165 F.3d at 858-60. *See Mickens v. Taylor*, 535 U.S. 162, 176 (2002) (because parties assumed applicability of *Cuyler v. Sullivan*, requiring showing of defective performance but not requiring showing of probable effect upon outcome of trial, Court declined to rule "upon the need for the *Sullivan* prophylaxis in cases of

successive representation," thereby leaving "[w]hether *Sullivan* should be extended to such cases" as "an open question").

"An 'actual conflict' of interest occurs when a lawyer has 'inconsistent interests.'" *Freund*, 165 F.3d at 859. To prove an actual conflict hindered counsel's performance, "petitioner 'must make a factual showing of inconsistent interests' or point to 'specific instances in the record' to suggest an actual impairment of his...interests. *Id*. As a general matter, "'it is more difficult to prove that successive representation caused an actual conflict of interest than that simultaneous representation did so.'" *Id*. At minimum, petitioner must "show that *either* (1) counsel's earlier representation of the witness was substantially and particularly related to counsel's later representation of [petitioner], *or* (2) counsel actually learned particular confidential information during the prior representation of the witness that was relevant to [petitioner's] later case." *Id*. (emphasis in original). "Even proof of *both* substantial relatedness and confidential information, however, may not necessarily be enough to demonstrate 'inconsistent interests' in a successive representation case." *Id*. (emphasis in original). In that situation, a petitioner must submit "'other proof of inconsistent interests.'" *Id*. The actual conflict inquiry is fact specific. *Id*.

To prove adverse effect, the petitioner must satisfy three elements: (1) that "'some plausible alternative defense strategy or tactic...might have been pursued,'" (2) that "the alternative strategy or tactic was reasonable under the facts," and (3) that there is a link between the actual conflict and "the decision to forgo the alternative strategy of defense." *Id*. at 860.

This is the standard that the state court used:

The Defendant claims that his counsel's former representation of [Davenport],

> who counsel was required to cross examine at this Defendant's trial, constituted a conflict of interest. To prevail on this type of claim a Defendant must show that an actual conflict of interest adversely affected his lawyer's performance. *Cuyler v. Sullivan*, 446 U.S. 335 (1980). The Defendant has failed to demonstrate these requirements. The former client and witness [Davenport] had already been sentenced and there is no material factual support or evidence supporting the assertion that this connection adversely affected counsel's performance. This claim should [be] denied.

Doc. 12, Ex. H at 160. As previously noted, this conclusion is entitled to deference unless the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Having carefully considered the matter, the Court finds that the state court's decision neither is contrary to nor involved an unreasonable application of *Sullivan* and it is not a decision that was based on an unreasonable determination of the facts. While the Court must certainly agree that there were other areas of impeachment open to counsel when he cross-examined Davenport, just as Petitioner suggests, there is nothing in the record to show that counsel's failure to impeach Davenport's criminal record or to question him further about his prior attempt to implicate another individual in the perpetration of a burglary place his loyalty to Petitioner in question, which is what lies at the heart of a question of conflict of interest. It is simply not enough simply to point out that there were other matters which counsel could have explored with his former client. Instead, Petitioner must prove that the counsel's representations of the two men were "substantially and particularly related" or that during counsel's representation of Davenport, he learned "particular confidential information...that was relevant" to Petitioner's

case.  As the state court found, there is no record evidence to support these requirements.

With regard to Petitioner's motions for hearing, for discovery or to expand the record, and to appoint counsel, the Court finds the motions are not well taken, and they should be denied as well.

## CONCLUSION

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**;

That the motions for hearing, for discovery or to expand the record, and to appoint counsel, Docs. 24-26, be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 16th day of June, 2006.


s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**