IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL DEMPSEY,

        Petitioner,

vs.                                      CASE NO. 5:04cv117-SPM/AK

JAMES V. CROSBY,

        Respondent.

_____/

## ORDER

      THIS CAUSE comes before the Court upon the Magistrate Judge's report and recommendation (doc. 27) dated June 16, 2006. Petitioner was furnished a copy and he has filed an objection (doc. 28). Pursuant to Title 28, United States Code, Section 636(b)(1), I find that the report and recommendation should be adopted and that Petitioner's 28 U.S.C. § 2254 habeas petition should be denied.

      Petitioner is serving a 127-month sentence of imprisonment in the State of Florida for burglary of a dwelling and grand theft. He filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 alleging, among other things, that his trial counsel was ineffective for failing to withdraw based on a conflict of interest. The state court summarily denied the claim, ruling as follows:

>    The Defendant claims that his counsel's former representation
> of a defendant, who counsel was required to cross examine at this
> Defendant's trial, constituted a conflict of interest.  To prevail on this
> type of claim, a Defendant must show that an actual conflict of
> interest adversely affected his lawyer's performance.  *Cuyler v.
> Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed. 2d 333 (1980).
> The Defendant, has failed to demonstrate these requirements.  The
> former client and witness had already been sentenced and there is
> no material factual support or evidence supporting the assertion
> that this connection adversely affected counsel's performance.
> This claim should be denied.

Doc. 12, Ex. H, p. 160.   On appeal, the District Court of Appeal for the First

District of Florida affirmed without opinion.  In this petition under 28 U.S.C. §

2254, Petitioner raises the single issue of whether his trial counsel was

ineffective based on the conflict of interest.

Under 28 U.S.C. § 2254, a federal court may grant habeas corpus relief

only if the state court adjudication

>    (1)    resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
>    (2)    resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).  Petitioner's challenge fails under this inquiry.

To state a valid claim of ineffective assistance of counsel, a defendant

must satisfy the Strickland standard, which contains a deficient performance

element and a prejudice element.  Strickland v. Washington, 466 U.S. 668, 687-

89 (1984).  To establish deficient performance, a defendant must show that his

counsel's performance fell below the wide range of reasonably competent performance under prevailing professional standards.  Id.  To establish prejudice, a defendant must show that but for counsel's deficient performance, the outcome of the proceedings probably would have been different.  Id.  When conflict of interest is alleged as a basis for ineffective assistance, prejudice under the second element of Strickand will be presumed if the defendant can show, under Cuyler v. Sullivan, 446 U.S. 335, 350 (1980), "'that his counsel actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'"  Strickland, 466 U.S. at  692 (quoting Sullivan, 446 U.S. at 350).

 "The allure of the Sullivan test for defendants is that adverse affect is much easier to show than the actual prejudice required when all that is involved is an attorney error."  Schwab v. Crosby, No. 05-14253, 2006 WL 1642757, at *13, 19 Fla. L. Weekly Fed. C 655  (11th Cir. June 15, 2006).  Not all attorney conflicts, however, fall within the scope of the Sullivan decision.  Id., at *16.  The decision itself applies in the context of multiple, concurrent representation.  Id. There is no clearly established Federal law, as determined by the Supreme Court of the United States, applying the Sullivan standard to other kinds of conflicts. Id.; see also, Mickens v. Taylor, 532 U.S. 162, 176 (2002) ("Whether Sullivan should be extended to [cases outside the multiple concurrent representation context] remains, as far as the jurisprudence of this Court is concerned, an open

question.").

Petitioner's alleged conflict, which was based on his lawyer's former representation of a prosecution witness, did not present circumstances showing "active legal representation of conflicting interests" so as to fall within the <u>Sullivan</u> decision.  As the state court noted, "[t]he former client and witness had already been sentenced."  Doc. 12, Ex. H, p. 160.  Petitioner's claim was not based on concurrent, multiple representation.  Thus the state court's ruling that Petitioner did not state a valid claim under <u>Sullivan</u> is neither contrary to clearly established Federal law, as determined by the Supreme Court of the United States, nor an unreasonable application of it.

As an alternative to relief under <u>Sullivan</u>, Petitioner could have attempted to show prejudice under the regular <u>Strickland</u> standard.  Petitioner, however, made no reasoned argument that but for the conflict of interest, the result of his trial would have probably been different.  See doc. 12, ex. H, Motion for Post-Conviction Relief at pp. 2-5; Memorandum of Law Supporting Postconviction Motion at pp. 4-7.  Petitioner therefore did not state a cognizable claim for relief, and the state court did not violate clearly established Federal law by summarily denying the claim.

If, for the sake of argument, the <u>Sullivan</u> standard for prejudice is applied, Petitioner still has not shown that the state court decision was contrary to, or an unreasonable application of, clearly established federal law.  Before the state court, Petitioner framed his conflict argument as the failure of trial counsel to

cross examine the former-client witness, Wesley Davenport, concerning (1) a ruby necklace and teacups that Davenport claimed were stolen from the home but not reported or listed as stolen, (2) Davenport's past work as a confidential informant, and (3) boots that Davenport claimed Petitioner threw in a pond after the burglary.  Id.  Petitioner did not establish a causal link between his counsel's failure to cross-examine Davenport on these matters and counsel's prior representation of Davenport.

        To show an actual conflict of interest that hindered counsel's performance, there must be some indication that "(1) counsel's earlier representation of the witness was substantially and particularly related to counsel's later representation of [petitioner], or (2) counsel actually learned particular confidential information during the prior representation of the witness that was relevant to [petitioner's] later case."  Freund v. Butterworth, 165 F.3d 839, 859 (11th Cir. 1999).  With respect to the first part of this test, Petitioner does not argue that his case was substantially and particularly related to Davenport's prior case.  Petitioner also makes no substantiated claim that his counsel learned confidential information from Davenport that was relevant to Petitioner's case.  As noted by the state court, "there is no material factual support or evidence supporting the assertion that [counsel's prior attorney-client relationship with Davenport] adversely affected counsel's performance."  Doc. 12, Ex. H, p. 160.

        A review of the trial transcript (doc. 12, Ex. B) at pages 245-57 shows that Davenport's testimony was relatively brief.  Petitioner's counsel cross-examined

Davenport to reveal a motive on Davenport's part to curry favor with law enforcement by inculpating others.  Counsel's line of questioning, as well as his closing argument (doc. 12, Ex. B. at pp. 456-57), raised substantial doubts about Davenport's credibility.  Counsel, admittedly, did not question Davenport about the teacups, the ruby necklace, Davenport's work as a confidential informant, or the boots.  There is no connection, however, between these matters and counsel's prior representation of Davenport.

Petitioner now claims that his counsel should have further impeached Davenport's testimony under the theory that Davenport himself committed the burglary for which Petitioner was convicted.  See doc. 23, pp. 5-10.  According to Petitioner, counsel should have questioned Davenport about his prior burglary conviction and Davenport's attempt to avoid punishment by telling law enforcement that someone else committed the crime.  Because Petitioner did not fairly present this argument to the state court, it is not appropriately considered now.  Kelley v. Secretary for the Dep't of Corrections, 377 F.3d 1317, 1344 (11th Cir. 2004).

Assuming for the sake of argument, however, that it is appropriately considered, Petitioner has still failed to show that counsel actually learned particular confidential information from Davenport regarding the issue. Davenport's prior burglary conviction is a matter of record and not confidential information.  Likewise, any statements Davenport made to third parties, such as

law enforcement, in his attempt to frame someone would not be confidential.

Davenport ultimately pleaded guilty to the crime and acknowledged through a

letter that he had not been forthright with law enforcement.  These matters were

not confidential.

Even if Petitioner could show that counsel had confidential information

about Davenport that was relevant to Petitioner's case, Petitioner has not

demonstrated an adverse effect.  To show an adverse effect, a petitioner must

(1) identify a plausible defense strategy, (2) that was reasonably viable under the

facts, (3) but forgone because of counsel's other loyalties or interests.  Freund,

165 F.3d at 860.  Blaming Davenport for the burglary would not be reasonably

viable under the facts.  Petitioner cites to no physical evidence connecting

Davenport to the burglary.  Petitioner even suggested that Davenport really did

not know about the burglary because he was wrong about certain details, such

as the taking of teacups and a ruby necklace.  See doc. 12, ex. H, Motion for

Post-Conviction Relief at pp. 2-5.

Given the absence of evidentiary support, the credibility of the defense

would have been compromised had counsel argued that Davenport actually

committed the crime.  The prudent tactic would be to discredit Davenport's

testimony inculpating Petitioner, which is what counsel did.  Thus even if counsel

was operating under an actual conflict of interest, Petitioner has failed to

demonstrate an adverse effect.

Petitioner asks for an opportunity to develop a factual basis for his claim and for an evidentiary hearing.  This request must be denied.  As stated earlier, Petitioner limited his arguments in state court and did not raise the issue of Davenport committing the burglary.  An evidentiary hearing is not available if the petitioner" fail[s] to develop the factual basis for the claim in State court proceedings."  18 U.S.C. § 2254(e)(2).  Petitioner does not fall under any exception.   Accordingly, it is

ORDERED AND ADJUDGED:

1.     The magistrate judge's report and recommendation (doc. 27) is ADOPTED and incorporated by reference in this order.

2.     The motions for hearing, for discovery or to expand the record, and to appoint counsel (doc. 24-26) are denied.

3.     The petition for writ of habeas corpus is denied.

DONE AND ORDERED this 20th day of July, 2006.

_s/ Stephan P. Mickle_

Stephan P. Mickle
United States District Judge